# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>GRACIANO MARQUEZ-HUAZO,<br><br>Defendant/Movant. | Case No. 1:11-cv-00575-EJL<br>1:07-cr-00271-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Graciano Marquez-Huazo's ("Marquez")[1] Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1). Having reviewed the Motion, the supporting Memorandum (Civ. Dkt. 8), the Government's Response (Civ. Dkt. 9), Marquez' Reply (Civ. Dkt. 10), and the underlying criminal record, the Court enters the following Order dismissing the Motion in part and appointing counsel to address issues pertaining to the plea stage of the proceedings.

Also pending before the Court are various motions filed by Marquez following the Reply: Motion to Strike Supplement (Civ. Dkt. 14), Motion to Strike Supplemental

---

[1] At the sentencing hearing, Movant advised the Court that he preferred to be referred to as Marquez rather than Marquez -Huazo.

**MEMORANDUM DECISION AND ORDER - 1**

Answer (Civ. Dkt. 15), Motion for Permission to Supplement § 2255 Motion (Civ. Dkt. 17), Motion for Permission to Supplement § 2255 Motion (Civ. Dkt. 21), and Second Supplemental Motion to § 2255 Motion (Civ.Dkt. 22).  In the criminal case, Marquez filed a Motion for Disclosure (Crim. Dkt. 225).  Having reviewed those motions and any responses or replies, the Court denies the motions for the reasons set forth below.

## PROCEDURAL BACKGROUND

On April 9, 2008, Marquez was charged with one count of conspiracy to distribute 500 grams or more of methamphetamine, one count of attempted distribution of 500 grams or more of methamphetamine, one count of possession of a firearm in furtherance of a drug trafficking crime, and two related forfeiture counts.  *Superseding Indictment*, Crim. Dkt. 87.  A jury found him guilty of all charged offenses.  *Jury Verdict*, Crim. Dkt. 127.  He was represented by retained counsel Chad Gulstrom and Jeffrey McKinnie, the latter of whom was engaged as trial counsel.

Prior to sentencing, Mr. Gulstrom objected to the drug quantity attributable to him in the Presentence Report and, at sentencing, he argued for a sentence of 15 years. *Objection to Presentence Report*, Crim. Dkt. 140; *Sent. Tr.* 30; 34; 35, Crim. Dkt. 195. The Court overruled the objection and determined that the total offense level on the drug convictions was 40 which, with a criminal history category of I, yielded a guideline range of 292-365 months.  *Sent. Tr.* 44; 47.  After consideration of the 18 U.S.C. § 3553(a) factors, the Court imposed a sentence of 334 months on each of the drug counts to run concurrently and 60 months on the firearm count to run consecutively for a total sentence

of 394 months.  *Sent. Tr.* 44; 47; *Judgment* Crim. Dkt. 155.

Marquez appealed the drug quantity determination and the denial of his motion for acquittal on the firearm charge.  On June 23, 2009, the Ninth Circuit affirmed the conviction and sentence.  *USCA Mem.*, Crim. Dkt. 213.  It subsequently denied his petition for panel rehearing.  *USCA Order*, Dkt. 214.  Marquez thereafter filed a petition for a writ of certiorari with the Supreme Court which it denied on November 29, 2010.  Dkt. 222.  On November 21, 2011, Marquez timely filed the pending § 2255 Motion.

## REVIEW OF § 2255 MOTION

In his § 22255 Motion, Marquez alleges two grounds of relief.  First, he claims that the federal government intruded upon the State of Idaho's sovereignty depriving him of his right to state prosecution and a significantly shorter sentence under Idaho's laws.  Second, as expanded in his supporting memorandum, he claims ineffective assistance of counsel in failing to advise him that he could pursue a plea without cooperating with the Government, failing to explain the concept of relevant conduct, failing to advise him that he was facing a life sentence with no proof that he knew the substance was in fact methamphetamine, failing to explain that he faced a consecutive sentence for a weapon, failing to explain that judges determine the drug quantity, failing to understand federal sentencing laws, and failing to raise issues such as the constitutional vagueness of the statute of conviction.

Based on the alleged failings of counsel, Marquez claims that he did not have complete information available to him to make an informed decision as to whether to

plead guilty without cooperation and receive the benefit of a 3-level adjustment for
acceptance of responsibility.

**SUPPLEMENTAL MOTIONS**

The Court will first address the pending supplemental motions because resolution
of those motions will dictate which claims it will consider in resolving the § 2255 Motion.

**1.      Motion to Strike Supplement (Civ. Dkt. 14)**

On April 18, 2012, the Government submitted a "complete" Affidavit of Jeffrey
McKinnie (Civ. Dkt. 12-1) to replace his Affidavit (Civ. Dkt. 9-2) submitted with the
Government's Response that was missing page 3.  Marquez moves to strike the
newly submitted McKinnie Affidavit.  He claims that the second affidavit is new and/or
altered and that the Government has engaged in deceptive practices or bad faith because
the first affidavit was signed and notarized January 31, 2012, and the second affidavit was
signed and notarized on April 16, 2012.

The Court shall deny the motion.  It is apparent that the affidavit Attorney
McKinnie initially signed was missing page three at the time he signed it.  Once Marquez
pointed out in his Reply that the Affidavit was missing a page, the Government provided
Attorney McKinnie with a complete copy of the Affidavit which required a new
signature.  In any event, paragraphs 15-17 essentially cover the same ground as the
Affidavit of Chad Gulstrom.  Paragraphs 18-20 refer to statements Marquez made to
counsel and to his review of discovery and a jury trial plan with counsel.  In his Motion to
Strike, he does not deny having made those statements or having reviewed the discovery

and discussed trial strategy with counsel.  Accordingly, Marquez cannot show that the affidavit was deceptive in any way or that he was prejudiced by the Government's late submission of the complete affidavit.

**2.      Motion to Strike Supplemental Answer (Civ. Dkt. 15)**

On April 9, 2012, Marquez filed a document entitled Judicial Notice (Civ. Dkt. 11) in which he requests the Court to take judicial notice of two then recent Supreme Court cases, *Missouri v. Frye* and *Lafler v. Cooper*, both of which addressed ineffective assistance of counsel in the context of plea bargaining.  Because Marquez included argument based on those cases in the Judicial Notice request, the Government then filed a Supplemental Answer to § 2255 Motion (Civ. Dkt. 13) addressing those arguments.

The Court will deny the Motion to Strike Supplemental Answer.  Marquez essentially invited response by filing the Judicial Notice document.  The Court is well aware of the cited decisions and will consider the argument when addressing the § 2255 Motion.

**3.       Motion for Permission to Supplement § 2255 Motion (Civ. Dkt. 17)**

On July 25, 2013, Marquez moved to supplement his § 2255 Motion with an argument based on the recent Supreme Court case of *Alleyne v. United States*, 133 S.Ct. 2151 (2013).  *Alleyne* extended the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to mandatory minimums meaning that any facts increasing the mandatory minimum sentence must be submitted to and found by a jury beyond a reasonable doubt.  The Government's Response (Civ. Dkt. 18) urges denial of the Motion to Supplement on the

grounds that the argument fails factually, legally, and procedurally, including because it is time-barred.

The Court shall deny the Motion. The issue is readily resolved by reference to the jury verdict whether or not the claim is time-barred. *Alleyne* is inapplicable given that the jury – not the Court – found the drug quantity that established the mandatory minimum of ten years for the drug convictions. Although the Court made findings on the drug quantity that raised the guideline range, it did not make any findings that increased that mandatory minimum.

**4.      Motion for Permission to Supplement § 2255 Motion (Civ. Dkt. 21)**

On June 20, 2014, Marquez filed this Motion to allege that the Court erred in imposing his sentence based on D-methamphetamine rather than L-methamphetamine resulting in a greater sentence.

The Court will deny the motion as the claim is time-barred. The deadline for filing a § 2255 Motion was November 29, 2011, one year from the date the Supreme Court denied his petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that judgment becomes final on the day that the Supreme Court either denies certiorari or affirms on the merits). Therefore, as the Government states, an amendment can only be timely if it relates back to the claims in the initial § 2255 motion which it does not if the new claim is "supported by facts that differ in both time and type from those the original pleading set forth." *See Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Here, Marquez challenged the Court's drug quantity findings on various grounds, but the new claim made over two years after his conviction became final is different in nature. However, even if it were not time-barred, it would be subject to dismissal because the sentencing guidelines discontinued the distinction between D-methamphetamine and L-methamphetamine as of November 1, 1995. *See United States v. Scrivner*, 114 F.3d 964, 966-67 (9th Cir. 1997) (citing USSG § 2D1.1 (Nov. 1, 1995) and Amendment 518).

**5.      Second Supplemental Motion to § 2255 Motion (Civ. Dkt. 22)**

On June 20, 2014, Marquez filed this Second Supplemental Motion seeking to add further claims of ineffective assistance (1) of trial and appellate counsel in failing to challenge the sufficiency of evidence on Counts One and Two based on the implausibility and inconsistency of Judith Islas' and Nikki Thiel's testimony at trial, (2) of trial counsel in failing to consult with him about stipulating to drugs that were seized, (3) of trial counsel in failing to prove that Ms. Islas' statements were unreliable and request special verdict forms, (4) in failing to challenge the "placement of an alternate judge at sentencing," (5) in failing to explain the possibility of obtaining 4-6 levels lower for pleading guilty (admitted lack of experience in federal court), and (6) failing to challenge the Government's "contribution" to the weight of the drugs and failing to request a downward departure due to the excessive "involvement." The Government claims that these claims are time-barred.

As stated above, unless new claims relate back to the timely filed claims, they are time-barred under § 2255(f)(1). Therefore, unless the claims meet the criteria of the statutory tolling provisions, they must be dismissed. *See* § 2255(f)(2)-(4).

The Court finds that the only claim that relates back to the claims raised in the timely filed § 2255 Motion is the claim of ineffective assistance of counsel in failing to explain the possibility of obtaining 4-6 levels lower for pleading guilty. It sufficiently relates to the initial claim of ineffective assistance of counsel in failing to advise him that he could pursue a plea without cooperating with the Government and receive an acceptance of responsibility adjustment. The Court will simply consider it as extension of the argument contained in the § 2255 Motion. The other late-asserted grounds are subject to dismissal because Marquez has not alleged a governmental impediment to filing these late claims, any newly recognized right by the Supreme Court that was made retroactively applicable to cases on collateral review, or newly discovered facts supporting the late-filed claims. *See* § 2255(f)(2)-(4). Accordingly, the Second Supplement Motion is granted in part and denied in part.

### 6.     Motion for Disclosure (Crim. Dkt. 225)

In this motion, Marquez seeks "an order requiring the Government to release all evidence in the case to Mr. Marquez." *Motion for Disclosure*, Crim. Dkt. 225. Although Marquez filed it in the criminal case, the Court assumes he intended it to be part of the § 2255 proceeding. Marquez states that "counsel has abandoned him and not provided him with his file." *Id.* He seeks evidence such as police reports, lab reports, recordings,

and the like required under *Brady v. Maryland*. *Brady* requires the government to produce all exculpatory evidence to a defendant. *Brady v. Maryland*, 373 U.S. 83 (1963).

Construing the motion as a motion for discovery under Rule 6 of the Rules Governing § 2255 Proceedings, the Government contends that Marquez has not shown good cause. Rule 6(a) allows discovery with leave of court upon a showing of good cause. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if facts are fully developed, be able to demonstrate that he is . . . entitled to relief. . . ." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1977).

Marquez replied that if disclosure is granted, he would be able to demonstrate that he is entitled to relief. For example, he states that if the lab reports are disclosed, he would be able to fully develop his argument regarding the drug quantity and type. However, given that the methamphetamine type is not relevant and the drug quantity determination itself is not at issue, the motion is denied as to the lab reports.[2] His lack of specificity regarding good cause for disclosure as to the rest of the claimed documents coupled with his statement in each of his motions to supplement that he "has continued to represent the interest of himself by reviewing the record for additional issues," leads the Court to characterize his request as the proverbial "fishing expedition" which is not

---

[2] The Court recognizes that Marquez has issues with respect to the Court's including drug quantity beyond that which was seized. In other words, he may contend that drug quantity based on testimony of others as part of the relevant conduct should not be counted. However, lab reports will not further that argument.

**MEMORANDUM DECISION AND ORDER - 9**

permitted.  *See Calderon v. U.S. District Court*, 98 F.3d 1102, 1106 (9th Cir. 1996)

(citation omitted).

## STANDARDS OF LAW

**1.      28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may

grant relief to a federal prisoner who challenges the imposition or length of his or her

incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws

of the United States;" (2) "that the court was without jurisdiction to impose such

sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and

(4) that the sentence is otherwise "subject to collateral attack."  28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal

district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion,

any attached exhibits, and the record of prior proceedings that the moving party is not

entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the

Government "to file an answer, motion, or other response within a fixed time, or to take

other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as

pursuant to a motion by respondent, after consideration of the answer and motion, or after

consideration of the pleadings and an expanded record.  *See* Advisory Committee Notes

following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by

reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the motion, it proceeds to a determination as to whether an evidentiary hearing is warranted. The burden on the movant as to entitlement to an evidentiary hearing is "fairly lenient," and a hearing is warranted "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003). Stated another way, an evidentiary hearing is warranted if "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 714 F.2d 714, 717 (9th Cir. 1984). Conversely, no hearing is required if the allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Blaylock*, 20 F.3d 1458, 1464 (9th Cir. 1994).

**2.     Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that

render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).

The plea stage of a proceeding is a critical stage to which the right to counsel attaches. *United States v. Leonti*, 326 F.3d 1111, 1117 (9th Cir. 2003). A defendant is entitled to counsel's effective assistance in making his decision "whether and when to plead guilty." *Id*.

## DISCUSSION

### 1.    Tenth Amendment Claim for Infringement on State Sovereignty

Marquez bases his claim primarily on the Tenth Amendment but also includes a reference to the Ninth Amendment. On balance, it appears that his claim is based primarily on the Tenth Amendment.

The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited to it by the States, are reserved to the States respectively, or to the people." In other words, "the States enjoy all powers that the Constitution does not withhold from them." *United States v. Kebodeaux*, 133 S.Ct. 2496, 2511 (2013). The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." *Griswold v. Connecticut*, 381 U.S. 479, 484 (1965).

Marquez argues that the federal government "commandeered" his case which deprived him of the "benefits of state prosecution.*" § 2255 Motion*, at 5. His contention

appears to be motivated by the alleged "gross disparity between the sentences he faced ini the state as opposed to the federal court." *Mem.* at 4. He "insists that he has at least a standing to object to the federal government using its laws to bully Idaho out of its right[s] to prosecute him." *Id*.

The Ninth Amendment protects rights not enunciated in the first eight amendments, but "[n]evertheless, [it] has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim. *Standberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (citations omitted). Marquez has not cited any cases or other authority stating that it has been recognized as independently securing a constitutional right for § 2255 purposes. In fact, he appears to recognize that the Ninth Amendment does not secure any particular constitutional right but rather is an "interpretative tool" for asserting other constitutional claims. *Mem.* at 3 (citing *Griswold v. Connecticut*, 381 U.S. 479, 488 (1965). In his Tenth Amendment claim, he is essentially challenging the right of the Government to prosecute him on the grounds that Congress exceeded its power when enacting the drug statutes under which he was convicted.

In asserting his Tenth Amendment claim, Marquez relies on *United States v. Bond*, 131 S.Ct. 2355 (2011), which held that an individual has standing to challenge an indictment under a federal criminal statute on the grounds that Congress exceeded its power and encroached on states rights in violation of the Tenth Amendment. In the wake of *Bond*, other federal prisoners have challenged their convictions in § 2255 proceedings

on the same ground. However, while *Bond* may allow the challenge to be made, the challenge is only successful if the determination is made that Congress did so exceed its powers.

The Ninth Circuit has long held that Congress did not exceed its powers when enacting the federal drug statutes. *See United States v. Visman*, 919 F.2d 1390 (9th Cir. 1990) (citing *United States v. Rodriquez-Camacho*, 468 F.2d 1220 (9th Cir. 1972)). Courts have addressed the claim more recently since the *Bond* decision. *See Estrada v. Babcock*, 2012 WL 4510673 at *5, E.D.Cal. Sept. 28, 2012 (unpublished) (citing *Gonzalez v. Raich*, 545 U.S. 1, 25-26 (2005) and dismissing § 2255 motion claiming that enactment of Controlled Substances Act encroached on state sovereignty in violation of the Ninth and Tenth Amendments). *See also Settles v. United States*, 2013 WL 1856339 at *2, D.Md. April 30, 2013 (unpublished)(dismissing a similar claim regarding the same statutes of conviction finding that "the U.S. Supreme Court and the Fourth Circuit have repeatedly held that 21 U.S.C. §§ 841 and 846 are valid exercises of Congress's enumerated powers.")(citing *Gonzalez v. Raich*, 545 U.S. 1, 25-26 (2005) and *United States v. Leshuk*, 65 F.3d 1105, 1111-12 (4th Cir. 1995)).

Marquez's claim is subject to dismissal for failure to state a claim for relief.

## 2. Ineffective Assistance of Counsel

As stated above, Marquez has asserted several grounds of ineffective assistance of counsel which the Court will address in turn.

### A. Failure to Adequately Advise Regarding Pleading Guilty Without Cooperation

Marquez claims that his attorney failed to inform him that he could plead guilty without cooperating with the government and still receive a downward adjustment for acceptance of responsibility.  As prejudice, he alleges that his sentence was 90 months higher than it would have been with that adjustment and that his sentence would have also been reduced through application of the safety valve and "fast track."[3]  The Court assumes he is referring to a fast-track departure under U.S.S.G. § 5K3.1 which implements the directive of § 401(m)(2)(B) of the 2003 Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act ("PROTECT Act").  Pub. L. No. 108-066, 117 Stat. 650, Apr. 30, 2003.

Neither the safety valve nor the fast-track departure would have been available Marquez if he had pled guilty.  The safety valve, which provides relief from the statutory minimum sentence if certain conditions are met, would not have been available to him even as a first time offender given that he possessed a firearm in connection with the offense.  *See* 18 U.S.C. § 3553(f)(2).  The fast-track departure would not have been available to him given that it is available in the District of Idaho only for immigration offenses under 13 U.S.C. § 1326.  It is not available for drug offenses under 21 U.S.C. § 841 even if a defendant is in this country illegally.  Therefore, the only possible prejudice was the failure to receive an adjustment for acceptance of responsibility.  Even then, it is not a foregone conclusion that he would have received a 3-level adjustment

---

[3]  The Court notes that a 3-level adjustment for acceptance of responsibility would have yielded a guideline range 82-103 months lower, and a 2-level adjustment would have yielded a guideline range 57-72 months lower, than the 292-365 month range under which he was sentenced.

under § 3E1.1(b) rather than just the 2-level adjustment under § 3E1.1(a). The third level is given only upon motion of the government and only in certain circumstances including assisting the government in the investigation or prosecution of his own misconduct and timely notice of his intent to plead guilty thereby allowing the government to avoid preparing for trial. In other words, the Court cannot grant the third level adjustment without a motion from the government which may not be made if notice of intent to enter a plea is not made communicated until just before trial. Because Marquez has demonstrated at least some prejudice, however, the Court must address the deficient performance prong of the *Strickland* test.

The Government submitted affidavits of Marquez's two retained counsel, Chad Gulstrom (Civ. Dkt. 9-1) and Jeffrey McKinnie (Civ. Dkt. 9-2). Each attorney states that he reviewed discovery, discussed Marquez's rights and options with him, and advised him that he should attempt to enter into a plea agreement with the Government, all in the presence of an interpreter. Each further states that Marquez wanted to go to trial. Mr. McKinnie states that in the presence of Mr. Gulstrom he discussed with Marquez a prior offer plea offer from the Government that did not involve cooperation. *McKinnie Aff.* ¶ 14. Mr. Gulstrom states that it was not until two days before trial that Marquez was willing to change his plea if the Government dismissed the firearm charge. *Gulstrom Aff.* ¶ 10. The Government rejected the proposal. *Id.* ¶ 11.

In Marquez' responsive affidavit (Civ. Dkt. 10-1), he states that Mr. Gulstrom attempted to recruit his cooperation, that he (Marquez) stated that he wanted to resolve

the case without cooperation, and that he retained Mr. McKinnie after a "well documented 'breakdown in communication' between him and Mr. Gulstrom." *Marquez Aff.* ¶¶ 6-9. He states that Mr. McKinnie told him there was no physical evidence, no conspiracy, and that he would receive only one year of imprisonment on the firearm charge. *Marquez Aff.* ¶ 9. Mr. McKinnie, too, sought his cooperation, but Marquez declined although he inquired about resolving that case without a trial. *Marquez Aff.* ¶ 10. He claims Mr. McKinnie asked why he would plead guilty if there was no evidence which led Marquez to believe that the only option was a cooperation agreement. *Marquez Aff.* ¶¶ 10-11. Mr. McKinnie ultimately told him that at most he would receive a 12 year term of imprisonment if he lost at trial. *Marquez Aff.* ¶ 15. He believes that Mr. McKinnie's interpreter "may have been misinterpreting the messages [he] was attempting to convey when [he] was attempted to resolve his case through a plea agreement" and thus believes that the interpreter was not a "certified translator." *Marquez Aff.* ¶¶ 13-14.

Marquez has alleged facts which, if true, would state a cause of action for failing to effectively represent him at the plea stage of the proceedings. The affidavits of counsel are not sufficiently focused on the specific allegation that counsel were ineffective for failing to advise Marquez about pleading guilty without a cooperation agreement, and there are factual disputes in the competing affidavits that cannot be resolved at this stage. Accordingly, the Court will appoint counsel and allow Marquez to proceed with developing this claim.

### B.     Failure to Understand and Explain Federal Sentencing Laws

Marquez states that based on the jury verdict of 500 grams or more of methamphetamine, his offense level would have been 32. He claims that neither of his attorneys explained the concept of relevant conduct, that he faced a consecutive sentence on the weapons charge, or that the Court would determine the drug quantity and find it based on a preponderance of the evidence standard. Without that information, he claims that he was unable to make a reasoned decision on whether to plead guilty. Again, he claims he could have received a 3-level adjustment for acceptance of responsibility.

Mr. Gulstrom's Affidavit does not specifically respond to these allegations. Rather, he correctly states that Marquez would not have been eligible for the safety valve due to the firearm possession. *Gulstrom Aff.* ¶¶ 8-9. Nor does Mr. McKinnie's Affidavit specifically address the allegations. Rather, it mentions generally that he discussed with Marquez in the presence of co-counsel the "risk" of going to trial and the elements of the statute that the Government would have to prove beyond a reasonable doubt. *McKinnie Aff.* ¶¶ 11-12. In his responsive Affidavit, Marquez states that Mr. Gulstrom attempted to interpret the penalties but "without the assistance of an interpreter/translator." *Marquez Aff.*, ¶ 6.

Marquez has alleged facts which, if true, would state a cause of action of ineffective assistance of counsel in failing to provide sufficient information to allow him to make a reasoned decision on whether or when to plead. The record reflects that Mr. Gulstrom was not totally familiar with federal court sentencing guidelines. *See*, *e.g.*,

*Sent. Tr.* at 29.  The unfamiliarity may have had an effect on the advice he provided to Marquez.

###    C.    Failure to Address Whether Marquez Knew the Substance was Methamphetamine

Marquez asserts that counsel was ineffective for failing to advise that it had to be shown that he knew that the seized substance was methamphetamine.  He further states that he never admitted to knowing the substance was methamphetamine.

Mr. McKinnie stated that he reviewed the federal statute at issue with Marquez with the assistance of an interpreter and discussed the elements of the statute that the Government would have to prove beyond a reasonable doubt.  *McKinnie Aff.* ¶ 12. The record reflects that the jury was instructed (1) on reasonable doubt (Instruction No. 30), and (2) that in order to find Marquez guilty of attempted distribution of methamphetamine, they were required find beyond a reasonable doubt that he knew the substance was methamphetamine or some other prohibited drug (Instruction No. 35). *Jury Instructions*, Crim. Dkt. 123.  The jury found Marquez guilty of attempt to distribute methamphetamine beyond a reasonable doubt and thus necessarily concluded that he knew the substance was methamphetamine.  *Jury Verdict*, Crim. Dkt. 127.

It appears that counsel did advise Marquez of the elements of the statute which presumably included discussion of the need to prove that Marquez knew the substance was methamphetamine.  However, even if he did not specifically advise on that element, the jury was properly advised and so found.  Marquez has not shown how the result

would have been different had he been advised of that element and the need to have it proven beyond a reasonable doubt. Accordingly, this claim is subject to dismissal.

### D.    Failure to Challenge 21 U.S.C. § 841 as Vague

Marquez claims that counsel failed to challenge the drug statute as vague. He claims that 21 U.S.C. § 841 is unconstitutionally vague because it fails to comply with the guidance in *Kolender v. Lawson*, 461 U.S. 352 (1983), which stated that "[t]he void-for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Id.* at 357. Marquez claims that § 841 does not meet either of "the two due process essentials and counsel simply failed to argue this." *Brief* at 12. He then expands on his argument by stating that it is supported by the fact that Title 21 is not "positive law." *Id.* He argues that the statute is "standardless" and "facilitate[s] opportunities and arbitrary prosecutions." *Id.* at 12-13 (citing *Kolender*, 461 U.S. at 358). Finally, Marquez argues that the statute is overbroad and has no "intelligible principals to follow" given that it "leaves to the government's personal predilections whether to make mention of 500-grams or 1.5 kilos of methamphetamine. Especially when the government knows full well it intends to pursue a stiffer sentence based entirely on the amount of drugs." *Id.* (citing *Chicago v. Morales*, 527 U.S. 41, 58 (1999)).

The Court notes that *Kolender* and *Morales* addressed a loitering statute and loitering ordinance, respectively, and not the drug statute at issue here. The Ninth Circuit

rejected a vagueness challenge to § 841 over forty years ago concluding that "§ 841(a)(1) and the corresponding definitions create 'a sufficiently definite warning,' that possession with intent to deliver or transfer a controlled substance, either interstate or intrastate, constitutes a federal offense, and therefore is not unconstitutionally vague." *United States v. Rodriquez-Camacho*, 468 F.2d 1220, 1221 (9th Cir. 1972). Indeed, it has held that the statute is clear and unambiguous. *United States v. Gomez-Tostado*, 597 F.2d 170, 172 (9th Cir. 1979). Given that the case law was well settled that § 841 is not unconstitutionally vague, counsel were not ineffective for failing to argue otherwise. Had either counsel made such an argument, it would not have succeeded. Thus, Marquez cannot show prejudice.

## CONCLUSION

"[I]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). The right to counsel extends to negotiation and consideration of lapsed or rejected plea offers, noting that "plea bargains have become so central to the administration of the criminal justice system" that defendants "require effective counsel during plea negotiations." *Missouri v. Frye*, 132 S. Ct. 1399 (2012).

There is not sufficient evidence in the record regarding the plea without cooperation option alluded to by counsel as having been offered by the Government, the timing of that offer, or details of any discussion with Marquez about that offer. For that reason, and because there are factual disputes regarding what Mr. McKinnie and Mr.

Gulstrom told or did not tell Marquez during the plea stage the resolution of which turns on the credibility of the affiants, the Court cannot summarily dismiss these claims.

The Court will appoint counsel for Marquez to develop the claims pertaining to the plea stage as discussed above. After appointed counsel has had an opportunity to review the record and consult with Marquez, counsel shall meet and confer with Government counsel as to the best way to proceed with those claims.

## ORDER

**IT IS ORDERED:**

1.     Graciano Marquez-Huazo's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ.Dkt. 1 and Crim. Dkt. 223) is **DISMISSED IN PART** as stated above.

2.    Graciano Marquez-Huazo's  Motion to Strike Supplement (Civ. Dkt. 14), Motion to Strike Supplemental Answer (Civ. Dkt. 15), Motion for Permission to Supplement § 2255 Motion (Civ. Dkt. 17), and Motion for Permission to Supplement § 2255 Motion (Civ. Dkt. 21) are **DENIED**  and Second Supplemental Motion to § 2255 Motion (Dkt. 22) is **GRANTED IN PART AND DENIED IN PART** as stated above.

3.    Marquez may proceed with his claim of *pre-trial* ineffective assistance of counsel through appointed counsel.  Because he will be represented by counsel, Marquez shall refrain from filing further pro se motions.

4.      Under the direction of the Clerk of Court, Ellen Smith, is appointed CJA

counsel to represent Marquez in this proceeding.

5.      Ms. Smith shall review the record, consult with Marquez, and meet with

Government counsel within sixty (60) days from the date of this Order.  By

November 14, 2014, the parties shall file a status report advising the Court

of their recommendation for proceeding to resolve the claim.

DATED:  **September 2, 2014**

~~Honora~~ble Edward J. Lodge
U. S. District Judge